# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

| | |
|---|---|
| SABLE NETWORKS, INC. and SABLE IP, LLC, | |
| Plaintiffs | Civil Action No. 5:20-cv-00120-RWS |
| v. | |
| HEWLETT PACKARD ENTERPRISE COMPANY and ARUBA NETWORKS, INC., | JURY TRIAL DEMANDED |
| Defendants. | |

## HEWLETT PACKARD ENTERPRISE COMPANY AND ARUBA NETWORKS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendants Hewlett Packard Enterprise Company ("HPE") and Aruba Networks, Inc. ("Aruba") (collectively, "Defendants") submit their Answer to Plaintiffs Sable Networks, Inc. and Sable IP, Inc.'s ("Sable" or "Plaintiffs") Complaint as follows.

## I.      ANSWER

Defendants deny each and every allegation in the Complaint not expressly admitted by Defendants and deny all information contained in Sable's headings in its Complaint.

### INTRODUCTION

1.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 1 and on that basis deny them.

2.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 2 and on that basis deny them.

3.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 3 and on that basis deny them.

4.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 4 and on that basis deny them.

5.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 5 and on that basis deny them.

6.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 6 and on that basis deny them.

7.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 7 and on that basis deny them.

8.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 8 and on that basis deny them.

9.      Defendants lack information sufficient to form a belief as to the allegations of paragraph 9 and on that basis deny them.

10.     Defendants deny that they owe any royalties to Sable and further deny that they use any of Sable's claimed inventions.  Defendants deny the remaining allegations of paragraph 10.

## SABLE'S PATENT PORTFOLIO

11.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 11 and on that basis deny them.

12.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 12 and on that basis deny them.

## THE PARTIES

13.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 13 and on that basis deny them.

14.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 14 and on that basis deny them.

15.     On information and belief, Defendants deny that Sable Networks is the owner by assignment of all of the asserted patents.

16.     On information and belief, Defendants deny that Sable Networks has an exclusive license to the asserted patents.  Defendants lack information sufficient to form a belief as to the remaining allegations of paragraph 16 and on that basis deny them.

17.     Defendants admit that HPE is a Delaware corporation.  Defendants deny that HPE currently has a place of business at 3000 Hanover Street, Palo Alto, California 94304.  Defendants admit that CT Corporation System is HPE's registered agent for service of process in Texas.  Defendants further admit that HPE is registered to do business in Texas.

18.     Defendants admit that Aruba is a Delaware corporation with its principal place of business at 3333 Scott Blvd., Santa Clara, California 95054.  Defendants further admit that CT Corporation System is Aruba's registered agent for service of process in Texas.  Defendants further admit that Aruba is registered to do business in Texas.

19.     Defendants admit that Aruba is a wholly-owned subsidiary of HPE.  Defendants admit that HPE has a business office located in the Eastern District of Texas at 6080 Tennyson Parkway in Plano, Texas.  Defendants deny that Aruba has a business office located in the Eastern District of Texas.  Defendants deny the remaining allegations of paragraph 19.

<u>JURISDICTION AND VENUE</u>

20.     Defendants admit that Plaintiffs purport to bring a patent infringement action under Title 35 of the United States Code.  Defendants further admit that 28 U.S.C. §§1331 and 1338(a) confer jurisdiction as to claims arising under the patent laws and claims arising under the laws of the United States upon this Court.

21.     Defendants do not challenge that this Court has personal jurisdiction over them for purposes this action.  However, Defendants deny that they have committed any acts within the Eastern District of Texas that give rise to this action, and specifically deny that they have committed any act that infringes the asserted patents.  Defendants admit they are registered to do business in the State of Texas.  HPE admits it has a regular and established place of business in the State of Texas.  Aruba denies that it has a regular and established place of business in the State of Texas.  Defendants admit that they have customers in the State of Texas.  Defendants deny the remaining allegations of paragraph 21.

22.     Defendants admit that venue in this district is permissible as to HPE, but aver that this district is not the most convenient or most appropriate forum for this action.  Defendants deny that they have committed any acts of infringement in this or any other state, and deny the remaining allegations of paragraph 22.

23.     Defendants admit that HPE has a regular and established place of business in this District.  Defendants deny that Aruba has a regular and established place of business in this District.  Defendants deny they have committed any acts of infringement in this District. Defendants deny the remaining allegations of paragraph 23.

24.     Defendants do not challenge that this Court has personal jurisdiction over them for purposes this action.  However, Defendants deny having committed any acts of infringement that would give rise to personal jurisdiction in this or any other state.  Defendants deny the remaining allegations of paragraph 24.

25.     Defendants do not challenge that this Court has personal jurisdiction over them for purposes this action.  However, Defendants deny having committed any acts of infringement that would give rise to personal jurisdiction in this or any other state.  Defendants deny that this

Court has general jurisdiction over them.   Defendants deny the remaining allegations of paragraph 25.

## THE ASSERTED PATENTS

U.S. Patent No. 6,977,932

26.   Defendants admit that the face of U.S. Patent No. 6,997,932 ("the '932 patent") states that it is entitled "System and Method for Network Tunneling Utilizing Micro-Flow State Information" and that it was filed on January 16, 2002.  Defendants admit that attached as Exhibit A to the Complaint is a document that purports to be a copy of the '932 patent. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the Complaint and on that basis deny them.

27.   Defendants deny the allegations in paragraph 27 of the Complaint.

28.   Defendants lack information sufficient to form a belief as to the allegations of paragraph 28 and on that basis deny them.

29.   Defendants lack information sufficient to form a belief as to the allegations of paragraph 29 and on that basis deny them.

30.   Defendants lack information sufficient to form a belief as to the allegations of paragraph 30 and on that basis deny them.

31.   Defendants lack information sufficient to form a belief as to the allegations of paragraph 31 and on that basis deny them.

32.   Defendants lack information sufficient to form a belief as to the allegations of paragraph 32 and on that basis deny them.

33.   Defendants lack information sufficient to form a belief as to the allegations of paragraph 33 and on that basis deny them.

34.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 34 and on that basis deny them.

35.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 35 and on that basis deny them.

36.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 36 and on that basis deny them.

U.S. Patent No. 7,012,919

37.     Defendants admit that the face of U.S. Patent No. 7,012,919 ("the '919 patent") states that it is entitled "Micro-Flow Label Switching" and that it was filed on December 8, 2000. Defendants admit that attached as Exhibit B to the Complaint is a document that purports to be a copy of the '919 patent.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 of the Complaint and on that basis deny them.

38.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 38 and on that basis deny them.

39.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 39 and on that basis deny them.

40.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 40 and on that basis deny them.

41.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 41 and on that basis deny them.

42.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 42 and on that basis deny them.

43.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 43 and on that basis deny them.

44.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 44 and on that basis deny them.

45.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 45 and on that basis deny them.

46.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 46 and on that basis deny them.

47.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 47 and on that basis deny them.

48.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 48 and on that basis deny them.

49.     Defendants deny that they have cited the '919 patent family as relevant prior art. Defendants lack information sufficient to form a belief as to the remaining allegations of paragraph 49 of the Complaint and on that basis deny them.

U.S. Patent No. 8,085,775

50.     Defendants admit that the face of U.S. Patent No. 8,085,775 ("the '775 patent") states that it is entitled "Identifying Flows Based on Behavior Characteristics and Applying User-Defined Actions" and that it was filed on July 31, 2006.  Defendants admit that attached as Exhibit C to the Complaint is a document that purports to be a copy of the '775 patent. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 50 of the Complaint and on that basis deny them.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 52 and on that basis deny them.

53.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 53 and on that basis deny them.

54.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 54 and on that basis deny them.

55.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 55 and on that basis deny them.

56.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 56 and on that basis deny them.

57.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 57 and on that basis deny them.

58.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 58 and on that basis deny them.

59.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 59 and on that basis deny them.

60.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 60 and on that basis deny them.

61.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 61 and on that basis deny them.

62.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 62 and on that basis deny them.

U.S. Patent No. 8,243,593

63.     Defendants admit that the face of U.S. Patent No. 8,243,593 ("the '593 patent") states that it is entitled "Mechanism for Identifying and Penalizing Misbehaving Flows in a Network" and that it was filed on December 22, 2004.  Defendants admit that attached as Exhibit D to the Complaint is a document that purports to be a copy of the '593 patent.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 63 of the Complaint and on that basis deny them.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 65 and on that basis deny them.

66.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 66 and on that basis deny them.

67.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 67 and on that basis deny them.

68.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 68 and on that basis deny them.

69.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 69 and on that basis deny them.

70.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 70 and on that basis deny them.

71.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 71 and on that basis deny them.

72.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 72 and on that basis deny them.

73.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 73 and on that basis deny them.

U.S. Patent No. 8,817,790

74.     Defendants admit that the face of U.S. Patent No. 8,817,790 ("the '790 patent") states that it is entitled "Identifying Flows Based on Behavior Characteristics and Applying User-Defined Actions" and that it was filed on September 23, 2011.  Defendants admit that attached as Exhibit E to the Complaint is a document that purports to be a copy of the '790 patent.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 74 of the Complaint and on that basis deny them.

75.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 75 and on that basis deny them.

76.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 76 and on that basis deny them.

77.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 77 and on that basis deny them.

78.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 78 and on that basis deny them.

79.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 79 and on that basis deny them.

80.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 80 and on that basis deny them.

81.     Defendants lack information sufficient to form a belief as to the allegations of paragraph 81 and on that basis deny them.

82. Defendants lack information sufficient to form a belief as to the allegations of paragraph 82 and on that basis deny them.

83. Defendants lack information sufficient to form a belief as to the allegations of paragraph 83 and on that basis deny them.

84. Defendants lack information sufficient to form a belief as to the allegations of paragraph 84 and on that basis deny them.

COUNT I
Alleged Infringement of U.S. Patent No. 6,977,932

85. No response is required to paragraph 85 of the Complaint or to Plaintiffs' reference and incorporation of the preceding paragraphs of the Complaint. To the extent a response is required, Defendants reallege and incorporate by reference their answers to the preceding paragraphs of the Complaint.

86. Defendants admit that the following accused products are products that Aruba has sold or offered for sale: Aruba 2920 Switch Series (J9726A, J9727A, J9728A, J9729A, J9836A); Aruba 2930F Switch Series (JL253A, JL254A, JL255A, JL256A, JL258A, JL259A, JL260A, JL261A, JL262A, JL263A, JL264A, JL557A, JL558A, JL559A); Aruba 2930M Switch Series (JL319A, JL320A, JL321A, JL322A, JL323A, JL324A); Aruba 3810 Switch Series (JL071A, JL072A, JL073A, JL074A, JL075A, JL076A); and Aruba 5400R ZL2 Switch Series (J9821A, J9822A, J9850A, J9851A, JL001A, JL002A, JL003A, JL095A). Defendants deny having committed any acts of infringement and deny that any of those products, or any HPE or Aruba product, infringes the '932 patent. Defendants deny that these products are "HPE '932 Products." Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 86 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT - Page 11

87.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 87 of the Complaint and on that basis deny them.

88.     Defendants deny the allegations in paragraph 88 of the Complaint.

89.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 89 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

90.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 90 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

91.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 91 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

92.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 92 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

93.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 93 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

94.     Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 94 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

95.     Defendants admit that certain of their products are available to businesses and individuals in the United States but deny that any of their products infringe the '932 patent. Defendants further deny any remaining allegations in paragraph 95 of the Complaint.

96.     Defendants do not contest for purposes of this case that certain of their products may be provided to businesses and individuals in the Eastern District of Texas but deny that any of their products infringe the '932 patent.   Defendants deny the remaining allegations of paragraph 96.

97.     Defendants deny the allegations in paragraph 97 of the Complaint.

98.     Defendants deny the allegations in paragraph 98 of the Complaint.

99.     Defendants admit they obtained actual knowledge of the '932 patent when they were served with the Complaint in this matter.   Defendants deny the remaining allegations in paragraph 99 of the Complaint.

100.    Defendants deny the allegations in paragraph 100 of the Complaint.

101.    Defendants deny that they are utilizing the technology claimed in the '932 patent and further deny that any royalty is owed to Plaintiffs.   Defendants further deny that they are infringing the '932 patent in any manner whatsoever, willfully or otherwise.   Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101 of the Complaint and on that basis deny them.

102.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 102 of the Complaint and on that basis deny them.

103.    Defendants deny the allegations in paragraph 103 of the Complaint and further deny that Plaintiffs are entitled to any relief whatsoever.

<u>COUNT II</u>
<u>Alleged Infringement of U.S. Patent No. 7,012,919</u>

104.    No response is required to paragraph 104 of the Complaint or to Plaintiffs' reference and incorporation of the preceding paragraphs of the Complaint.   To the extent a response is required, Defendants reallege and incorporate by reference their answers to the preceding paragraphs of the Complaint.

105.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 105 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

106.    Defendants admit that the following accused products are products that Aruba has sold or offered for sale:   HPE FlexNetwork MSR2000 Router Series, HPE FlexNetwork MSR3000 Router Series, HPE FlexNetwork MSR4000 Router Series, HPE FlexNetwork HSR6800 Router Series, HPE FlexFabric 5980 Switch Series, HPE FlexFabric 5945 Switch Series, HPE FlexFabric 5900 Switch Series, HPE FlexFabric 5950 Switch Series, HPE FlexFabric 5940 Switch Series, HPE FlexFabric 5930 Switch Series, and HPE FlexFabric 5920 Switch Series.  Defendants deny having committed any acts of infringement and deny that any of those products, or any HPE or Aruba product, infringes the '919 patent.  Defendants deny that these products are "HPE '919 Products."  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 106 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

107.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 107 of the Complaint and on that basis deny them.

108.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 108 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

109.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 109 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

110.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 110 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

111.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 111 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

112.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 112 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

113.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 113 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

114.    Defendants admit that certain of their products are available to businesses and individuals in the United States, but deny that any of their products infringe the '919 patent. Defendants further deny any remaining allegations in paragraph 114 of the Complaint.

115.    Defendants do not contest for purposes of this case that certain of their products may be provided to businesses and individuals in the Eastern District of Texas but deny that any of their products infringe the '919 patent.  Defendants deny the remaining allegations of paragraph 115.

116.    Defendants deny the allegations in paragraph 116 of the Complaint.

117.    Defendants deny the allegations in paragraph 117 of the Complaint.

118.    Defendants deny the allegations in paragraph 118 of the Complaint.

119.    Defendants admit they obtained actual knowledge of the '919 patent when they were served with the Complaint in this matter.  Defendants deny the remaining allegations in paragraph 119 of the Complaint.

120.    Defendants deny the allegations in paragraph 120 of the Complaint.

121.    Defendants deny the allegations in paragraph 121 of the Complaint.

122.    Defendants deny that they are utilizing the technology claimed in the '919 patent and further deny that any royalty is owed to Plaintiffs.  Defendants further deny that they are infringing the '919 patent in any manner whatsoever, willfully or otherwise.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 122 of the Complaint and on that basis deny them.

123.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 123 of the Complaint and on that basis deny them.

124.    Defendants deny the allegations in paragraph 124 of the Complaint and further deny that Plaintiffs are entitled to any relief whatsoever.

<u>COUNT III</u>
<u>Alleged Infringement of U.S. Patent No. 8,085,775</u>

125.    No response is required to paragraph 125 of the Complaint or to Plaintiffs' reference and incorporation of the preceding paragraphs of the Complaint.  To the extent a response is required, Defendants reallege and incorporate by reference their answers to the preceding paragraphs of the Complaint.

126.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 126 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

127.    Defendants admit that the following accused products are products that Aruba has sold or offered for sale:  Aruba Mobility Controller Virtual Appliance (MC-VA-10, MC-VA-50,

<u>DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT</u> - Page 16

MC-VA-250, MC-VA-1K), Aruba 7000 Series Mobility Controllers (7005, 7008, 7010, 7024, 7030), Aruba 7200 Series Mobility Controllers (7205, 7210, 7220, 7240XM, 7280), and Aruba 9000 Series Gateways (9004, 9004-LTE, 9012).  Defendants deny having committed any acts of infringement and deny that any of those products, or any HPE or Aruba product, infringes the '775 patent.  Defendants deny that these products are "HPE '775 Products."  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 127 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

128.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 128 of the Complaint and on that basis deny them.

129.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 129 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

130.    Defendants deny that any of their products infringe the '775 patent.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 130 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

131.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 131 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

132.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 132 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

133.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 133 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

134.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 134 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

135.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 135 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

136.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 136 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

137.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 137 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

138.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 138 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

139.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 139 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

140.    Defendants admit that certain of their products are available to businesses and individuals in the United States, but deny that any of their products infringe the '775 patent. Defendants further deny any remaining allegations in paragraph 140 of the Complaint.

141.    Defendants do not contest for purposes of this case that certain of their products may be provided to businesses and individuals in the Eastern District of Texas but deny that any of their products infringe the '775 patent.  Defendants deny the remaining allegations of paragraph 141.

142.    Defendants deny the allegations in paragraph 142 of the Complaint.

143.    Defendants deny the allegations in paragraph 143 of the Complaint.

144.    Defendants admit they obtained actual knowledge of the '775 patent when they were served with the Complaint in this matter.  Defendants deny the remaining allegations in paragraph 144 of the Complaint.

145.    Defendants deny the allegations in paragraph 145 of the Complaint.

146.    Defendants deny that they are utilizing the technology claimed in the '775 patent and further deny that any royalty is owed to Plaintiffs.  Defendants further deny that they are infringing the '775 patent in any manner whatsoever, willfully or otherwise.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 146 of the Complaint and on that basis deny them.

147.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 147 of the Complaint and on that basis deny them.

148.    Defendants deny the allegations in paragraph 148 of the Complaint and further deny that Plaintiffs are entitled to any relief whatsoever.

<u>COUNT IV</u>
<u>Alleged Infringement of U.S. Patent No. 8,243,593</u>

149.    No response is required to paragraph 149 of the Complaint or to Plaintiffs' reference and incorporation of the preceding paragraphs of the Complaint.  To the extent a response is required, Defendants reallege and incorporate by reference their answers to the preceding paragraphs of the Complaint.

150.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 150 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

151.    Defendants admit that the following accused products are products that Aruba has sold or offered for sale:  Aruba SD-WAN Branch Gateways (9004, 7005, 7008, 7010, 7024, 7030, 7210, 7220, 7240XM) and Aruba SD-WAN Headend Gateways (7010, 7024, 7030, 7210, 7220, 7240XM).  Defendants deny having committed any acts of infringement and deny that any of those products, or any HPE or Aruba product, infringes the '593 patent.  Defendants deny that these products are "HPE '593 Products."  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 151 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

152.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 152 of the Complaint and on that basis deny them.

153.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 153 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

154.    Defendants admit that certain of their products are available to businesses and individuals in the United States, but deny that any of their products infringe the '593 patent. Defendants further deny any remaining allegations in paragraph 154 of the Complaint.

155.    Defendants do not contest for purposes of this case that certain of their products may be provided to businesses and individuals in the Eastern District of Texas but deny that any of their products infringe the '593 patent.  Defendants deny the remaining allegations of paragraph 155.

156.    Defendants deny that any of their products infringe the '593 patent.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 156 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

157.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 157 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

158.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 158 of the Complaint because, inter alia, they include undefined terms that Plain-tiffs appear to allege are related to its patents, and on that basis deny them.

159.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 159 of the Complaint because, inter alia, they include undefined terms that Plain-tiffs appear to allege are related to its patents, and on that basis deny them.

160.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 160 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

161.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 161 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

162.    Defendants deny the allegations in paragraph 162 of the Complaint.

163.    Defendants deny the allegations in paragraph 163 of the Complaint.

164.    Defendants admit they obtained actual knowledge of the '593 patent when they were served with the Complaint in this matter.  Defendants deny the remaining allegations in paragraph 164 of the Complaint.

165.    Defendants deny the allegations in paragraph 165 of the Complaint.

166.    Defendants deny that they are utilizing the technology claimed in the '593 patent and further deny that any royalty is owed to Plaintiffs.  Defendants further deny that they are infringing the '593 patent in any manner whatsoever, willfully or otherwise.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 166 of the Complaint and on that basis deny them.

167.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 167 of the Complaint and on that basis deny them.

168.    Defendants deny the allegations in paragraph 168 of the Complaint and further deny that Plaintiffs are entitled to any relief whatsoever.

<u>COUNT V</u>
<u>Alleged Infringement of U.S. Patent No. 8,817,790</u>

169.    No response is required to paragraph 169 of the Complaint or to Plaintiffs' reference and incorporation of the preceding paragraphs of the Complaint.  To the extent a response is required, Defendants reallege and incorporate by reference their answers to the preceding paragraphs of the Complaint.

170.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 170 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

171.    Defendants admit that the following accused products are products that Aruba has sold or offered for sale:  Aruba Mobility Controller Virtual Appliance (MC-VA-10, MC-VA-50, MC-VA-250, MC-VA-1K), Aruba 7000 Series Mobility Controllers (7005, 7008, 7010, 7024, 7030), Aruba 7200 Series Mobility Controllers (7205, 7210, 7220, 7240XM, 7280), and Aruba 9000 Series Gateways (9004, 9004-LTE, 9012).  Defendants deny having committed any acts of infringement and deny that any of those products, or any HPE or Aruba product, infringes the

'790 patent.  Defendants deny that these products are "HPE '790 Products."  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 171 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

172.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 172 of the Complaint and on that basis deny them.

173.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 173 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

174.    Defendants admit that certain of their products are available to businesses and individuals in the United States, but deny that any of their products infringe the '790 patent. Defendants further deny any remaining allegations in paragraph 174 of the Complaint.

175.    Defendants do not contest for purposes of this case that certain of their products may be provided to businesses and individuals in the Eastern District of Texas but deny that any of their products infringe the '790 patent.  Defendants deny the remaining allegations of paragraph 175.

176.    Defendants deny that any of their products infringe the '790 patent.  Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of paragraph 176 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

177.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 177 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

178.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 178 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

179.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 179 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

180.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 180 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

181.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 181 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

182.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 182 of the Complaint because, inter alia, they include undefined terms that Plaintiffs appear to allege are related to its patents, and on that basis deny them.

183.    Defendants deny the allegations in paragraph 183 of the Complaint.

184.    Defendants deny the allegations in paragraph 184 of the Complaint.

185.    Defendants admit they obtained actual knowledge of the '790 patent when they were served with the Complaint in this matter.  Defendants deny the remaining allegations in paragraph 185 of the Complaint.

186.    Defendants deny the allegations in paragraph 186 of the Complaint.

187.    Defendants deny that they are utilizing the technology claimed in the '790 patent and further deny that any royalty is owed to Plaintiffs.  Defendants further deny that they are infringing the '790 patent in any manner whatsoever, willfully or otherwise.  Defendants lack

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 187 of the Complaint and on that basis deny them.

188.    Defendants lack information sufficient to form a belief as to the truth of the allegations of paragraph 188 of the Complaint and on that basis deny them.

189.    Defendants deny the allegations in paragraph 189 of the Complaint and further deny that Plaintiffs are entitled to any relief whatsoever.

190.    To the extent any allegations in paragraphs 1–189 of the Complaint remain unanswered, Defendants specifically deny any allegations not admitted.

<u>PRAYER FOR RELIEF</u>

In response to Plaintiff's Prayer for Relief, Defendants deny that Plaintiff is entitled to relief of any kind.

<u>DEMAND FOR JURY TRIAL</u>

This paragraph requires no response.

## II.    <u>AFFIRMATIVE DEFENSES</u>

Defendants assert the following defenses without assuming any burden that they would not otherwise have, including without admitting or acknowledging that Defendants bear the burden of proof as to any of them.  Defendants reserve the right to amend their answer with additional defenses as further information is obtained through discovery.

## <u>FIRST DEFENSE</u>
## <u>(Non-Infringement)</u>

Defendants have not and do not infringe any claim of any of the patents asserted in this matter, either directly or indirectly, including contributorily or by inducement, or willfully, or literally or under the doctrine of equivalents.

## SECOND DEFENSE
### (Invalidity)

One or more claims of each of the asserted patents are invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code including but not limited to, 35 U.S.C. §§101, 102, 103 and 112.

## THIRD DEFENSE
### (Prosecution History Estoppel)

On information and belief, prosecution history estoppel bars Plaintiffs from proving infringement of the asserted claims under the doctrine of equivalents.  Plaintiffs are estopped from construing the asserted claims of the asserted patents in by reason of statements made to the United States Patent and Trademark Office during the prosecution of the applications that issued as the asserted patents.

## FOURTH DEFENSE
### (Ensnarement)

On information and belief, Plaintiffs' infringement claims are barred by the doctrine of ensnarement.  Plaintiffs are foreclosed from asserting infringement under the doctrine of equivalents to the extent the scope of such equivalent would ensnare prior art.

## FIFTH DEFENSE
### (Lack of Standing)

On information and belief, Plaintiffs are not the owners by assignment of the asserted patents and thus do not have standing to bring this lawsuit.  Additionally, on information and belief, because Plaintiffs lack standing to sue on the asserted patents, Plaintiffs have failed to state a claim upon which relief can be granted.

## SIXTH DEFENSE
### (Limitation on Damages)

Any claim by Plaintiffs for damages is limited under 35 U.S.C. §§ 286 or 287, as well as 28 U.S.C. § 1498.  Plaintiff is barred under 35 U.S.C. § 286 from recovering damages for any

alleged infringing acts that occurred more than six years before the filing of the Complaint.   In the alternative, Plaintiff is limited by 35 U.S.C. § 287 to those damages occurring only after notice of infringement was provided to Defendants.   Additionally, Plaintiffs' claims for infringement as they relate to any product manufactured by Defendants for use by the United States is limited to the rights and remedies set forth in 28 U.S.C. §1498.  Plaintiffs cannot seek damages against Defendants for any product made for and/or used by the United States government.

<u>**SEVENTH DEFENSE**</u>
<u>**(Failure to State a Claim)**</u>

Plaintiffs fail to state a claim upon which relief can be granted.

<u>**RESERVATION OF ADDITIONAL DEFENSES**</u>

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law and equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

### III.   <u>JURY DEMAND</u>

Defendants demand a trial by jury of all issues so triable in this action.

### IV.   <u>REQUEST FOR RELIEF</u>

Defendants respectfully request judgment that:

A.     The Complaint be dismissed in its entirety with prejudice;

B.     Plaintiffs be denied any of the relief prayed for in the Complaint or to any relief whatsoever;

C.     The asserted patents have never been, and are not now, infringed by Defendants directly or indirectly, willfully, or by any other person using Defendants' products in this judicial district or anywhere in the United States;

D.      No damages or royalties are due or owing for any of the acts alleged by Plaintiffs in the Complaint;

E.      Plaintiffs are barred from enforcing or attempting to enforce patent rights as against Defendants; and that

F.      Defendants be awarded their costs (including expert fees), disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and/or 18 U.S.C. § 1927 as against Plaintiffs, and such other and further relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Jennifer H. Doan*
Jennifer H. Doan
Texas Bar No. 08809050
HALTOM & DOAN
6500 Summerhill Road, Suite 100
Texarkana, TX 75503
Telephone: (903) 255-1000
Facsimile: (903) 255-0800
Email: jdoan@haltomdoan.com

Sean C. Cunningham (*admitted pro hac vice*)
sean.cunningham@us.dlapiper.com
Erin Gibson (*pro hac vice pending*)
erin.gibson@us.dlapiper.com
Tiffany Miller (*pro hac vice pending*)
tiffany.miller@us.dlapiper.com
David R. Knudson (*pro hac vice pending*)
david.knudson@us.dlapiper.com
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
Phone: 619.699.2700
Fax: 619.699.2701

Christian Chessman
christian.chessman@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA 94303
Phone: 650.833.2000
Fax: 650.833.2001

**ATTORNEYS FOR DEFENDANTS
HEWLETT PACKARD ENTERPRISE
COMPANY AND ARUBA NETWORKS,
INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this 8th day of September, 2020.

<u>*/s/ Jennifer H. Doan*</u>
Jennifer H. Doan